IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOAN HODAK,<br>   t/d/b/a AQUADOR,<br><br>        Plaintiff,<br><br>v.<br><br>JEDCO PRODUCTS, INC.,<br>ULTIMATE SWIMMING POOLS, INC.,<br>JERRY HODAK and<br>LINDA HODAK, husband and wife.<br><br>        Defendants. | )<br>)<br>)<br>)<br>)   Civil Action No. _____<br>)<br>)<br>)<br>)   JURY TRIAL DEMANDED<br>)<br>)<br>)<br>)<br>) |

## **COMPLAINT**

Joan Hodak, trading and doing business as ("t/d/b/a") Aquador ("Plaintiff" or "Joan"), by and through her undersigned counsel, hereby alleges the following for her complaint against Defendants, Jedco Products, Inc., Ultimate Swimming Pools, Inc., and Jerry Hodak and Linda Hodak, husband and wife (unless otherwise indicated, collectively referred to as "Defendants").

### INTRODUCTION

This case is a family dispute involving, *inter alia*, Defendant Jerry Hodak, who on information and belief has engaged in the acts set forth below to injure his mother, Plaintiff Joan Hodak, from whom he has become estranged.

### THE PARTIES

1.    Joan is an individual who maintains a residence at East Cruikshank Road, Valencia, Pennsylvania 16059. By virtue of a Declaration of Gift and Confirmation of Business

Ownership, a copy of which is attached hereto and incorporated by reference herein as Exhibit A, Joan is the sole owner of U.S. Patent No. 5,285,538 (the " '538 Patent") for a "Sealing Assembly for a Swimming Pool Skimmer", and the exclusive right to use the "AQUADOR" mark in commerce on or in connection with the product that is protected by the '538 Patent. The '538 Patent named Joan's late husband, Frank, as the sole inventor, and is attached hereto and incorporated by reference herein as Exhibit B.

2. On information and belief, defendant Jedco Products, Inc. ("Jedco") is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania having an address of 155 Zehner's School Road, Zelienople, PA 16063. On information and belief, Jedco has its principal place of business at Defendants Jerry and Linda Hodak's home in Zelienople, Pennsylvania. On information and belief, Defendants Jerry and Linda Hodak are the alter egos for Jedco, in that Jedco is undercapitalized and there is substantial intermingling of Jerry and Linda Hodak's personal affairs with Jedco's corporate affairs.

3. On information and belief, defendant Ultimate Swimming Pools, Inc. ("Ultimate") is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania having an address of 155 Zehner's School Road, Zelienople, PA 16063. On information and belief, Ultimate has its principal place of business at Defendants Jerry and Linda Hodak's home in Zelienople, Pennsylvania. On information and belief, Ultimate is an alter ego for Jedco in that Ultimate controls and pays for various aspects of Jedco's enterprise from a single Ultimate checking account, including for numerous activities undertaken by Jedco for Jedco's benefit only. On information and belief, Defendants Jerry and Linda Hodak are also alter egos for Ultimate, in that Ultimate is undercapitalized and there is substantial intermingling

2

of Jerry and Linda Hodak's personal affairs with Ultimate's corporate affairs. On information and belief, Jerry and Linda Hodak operate Ultimate and Jedco as a single enterprise.

4. On information and belief, defendant Jerry Hodak ("Jerry") is an individual residing at 155 Zehner School Road, Zelienople, Pennsylvania 16063.

5. On information and belief, defendant Linda Hodak ("Linda") is an individual residing at 155 Zehner School Road, Zelienople, Pennsylvania 16063.

6. On information and belief, Jerry and Linda are husband and wife.

7. On information and belief, Jerry and Linda are officers of Jedco, and direct and control all of the company's activities.

8. On information and belief, Jerry and Linda are officers of Ultimate, and direct and control all of the company's activities.

JURISDICTION AND VENUE

9. This complaint alleges patent infringement under the Patent Act, 35 U.S.C. § 271, *et seq*., and unfair competition under the Federal Lanham Act, 15 U.S.C. § 1051, *et seq*., and under Pennsylvania common law.

10. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1367, 1338, 35 U.S.C. § 281 and 15 U.S.C. § 1121.

11. Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400.

COUNT I – PATENT INFRINGEMENT

12. Plaintiff incorporates paragraphs 1 – 11 hereof, as though they have been set forth in full herein.

3

13. The '538 Patent discloses and claims innovative sealing assemblies used to cover openings in swimming pool skimmers. Joan sells a product that is covered by the '538 Patent whose trademark name is AQUADOR. AQUADOR has been a very successful product for Joan.

14. On information and belief, Defendants were well aware of the successfulness of the AQUADOR product, and intentionally set out to copy it and to otherwise unfairly compete with Joan in an effort to divert from her some or all of the substantial revenues directly resulting from her sale of the AQUADOR product. On information and belief, Defendants Jerry and Linda have used Defendants Jedco and Ultimate as the vehicles for engaging in this unlawful conduct.

15. The '538 Patent is valid and enforceable. All maintenance fees associated with it have been timely paid and the '538 Patent is currently in force. Notice of the '538 Patent is and has been published on the AQUADOR product packaging.

16. On information and belief, Defendants Jerry and Linda are and have been aware of the existence of the '538 Patent for many years since its issuance. On information and belief, all of the Defendants, individually and in concert with one another, have infringed, contributorily infringed, and/or actively induced or contributed to the infringement of the '538 Patent in the United States, by making, using, offering to sell, selling, importing, causing to be made, causing to be used, causing to be offered for sale, causing to be sold and/or causing to be imported products that infringe one or more of the claims of the '538 Patent. Defendants have done these things individually and collectively in concert or by plan. Such infringement has been accomplished by Defendants making, having made, using, selling or offering for sale products

4

distributed under one or more of the designations "Skim Saver", "Lid'l Seal", and/or "Skim Saver Lid'l Seal".

17. On information and belief, Defendants' infringement, contributory infringement, and/or active inducement of others' infringement of the '538 Patent have taken place with the specific intent to injure Joan as a result of long-standing, adverse personal feelings by Jerry and Linda toward Joan. On information and belief, Jerry and Linda believe that Joan has not shown sufficient parental affection toward them as compared to Joan's other children and that she has not allowed them to participate sufficiently in the Aquador business such that they have some legally unrecognized right to copy Joan's successful product.

18. On information and belief, Jerry and/or Linda have aided, abetted, participated in, approved, and/or ratified Jedco's and/or Ultimate's acts of infringement, and/or have actively induced Jedco and/or Ultimate to infringe the '538 Patent.

19. On information and belief, Jerry and/or Linda were the moving, active, conscious forces behind Jedco's and/or Ultimate's infringement of the '538 Patent.

20. On information and belief, Jerry and/or Linda's active inducement of others' infringement of the '538 Patent have taken place with full knowledge of the '538 Patent and has been intentional, deliberate, and willful, making this an exceptional case and thereby entitling Plaintiff to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

21. By reason of the foregoing, Plaintiff has been damaged and will continue to be damaged, and has suffered and will continue to suffer irreparable loss and harm.

5

## COUNT II – TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1125(a)

22. Plaintiff incorporates by reference paragraphs 1 – 21 hereof, as though they have been set forth in full herein.

23. The business known as Aquador has used the mark "AQUADOR" on its products continuously since at least 1995. The mark AQUADOR has been used to indicate the source of the goods bearing the AQUADOR mark, and on information and belief has become well known to members of the trade and consumers as a very fine product.

24. The AQUADOR mark functions as a trademark, and identifies the Plaintiff's goods and distinguishes them from those of others. The AQUADOR mark is a valid trademark and is fully protectable by Joan.

25. On information and belief, in unlawfully infringing the '538 Patent, one or more Defendants have also unlawfully used the AQUADOR mark in connection with advertisements of the "Skim Saver", "Lid'l Seal", and/or "Skim Saver Lid'l Seal" products, in particular in connection with Internet searching, advertising and/or sales.

26. On information and belief, one or more Defendants have purported to offer for sale products bearing the AQUADOR mark online via eBay, Inc. under the false name "MyPoolShop", when in fact such a product having such a name was not available from any entity known as MyPoolShop or from Defendants. On information and belief, MyPoolShop is a "Seller's ID" or name used by Jerry Hodak on Ebay in connection with his offer to sell the AQUADOR product, through an email address that is listed as Jerry@UltimateSwim.com, and to receive payment therefore. On information and belief, the foregoing conduct was undertaken willfully and maliciously and for the express purpose of injuring Plaintiff.

27. On information and belief, in offering these items for sale, one or more Defendants have displayed pictures of business locations used by Joan to sell AQUADOR branded products in order to falsely claim that Jedco uses these facilities or to falsely imply that Jedco is a more substantial company than one operating out a person's home. On information and belief, one or more Defendants have altered the photographs by placing the words "My Pool Shop" on the front of one building, and using photographs of the interior of a building that Defendants do not actually use to imply that this was one or more Defendants' warehouse that was selling the AQUADOR product or that this warehouse was being used by Defendants to sell the "Skim Saver", "Lid'l Seal", and/or "Skim Saver Lid'l Seal" product, when neither was in fact the case. Attached hereto as Exhibit C are print-outs from the Internet showing some of this wrongful conduct. On information and belief, the foregoing conduct was undertaken willfully and maliciously and for the express purpose of injuring Plaintiff.

28. By virtue of Defendants' conduct as alleged herein, Defendants have caused to be to be offered for sale, to be sold and/or imported products in interstate commerce that are accompanied by false or misleading advertising unlawfully bearing the AQUADOR mark, all in violation of 15 U.S.C. § 1125(a).

29. Defendants have caused harm to Joan as the result of the foregoing conduct.

COUNT III – UNFAIR COMPETITION UNDER PENNSYLVANIA LAW

30. Plaintiff incorporates paragraphs 1 – 29 hereof, as though they have been set forth in full herein.

31. On information and belief, one or more Defendants have unfairly competed with Joan in several ways, including but not limited to falsely advertising its products on the Internet as

7

described herein, and by trading on Joan's reputation in the business by misleading consumers as to the source of their goods. On information and belief, Defendants have also unfairly competed by having misled consumers through the use of photographs of Joan's warehouse in connection with Defendants' sale of AQUADOR branded products and/or Lid'l Seal branded products. On information and belief, the foregoing conduct was undertaken willfully and maliciously and for the express purpose of injuring Plaintiff.

32. On information and belief, Defendants have also engaged in deceptive marketing by, among other things, using photographs of Joan's building in its advertisements to deceive customers into thinking that Joan's warehouse was the source of the goods or that Defendants have a more substantial business than they actually have. On information and belief, the foregoing conduct was undertaken willfully and maliciously and for the express purpose of injuring Plaintiff.

33. Plaintiff has been harmed and continues to be harmed by Defendants' actions.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff Joan Hodak t/d/b/a Aquador respectfully requests that the Court enter judgment in her favor and against Defendants, Jedco Products, Inc., Ultimate Swimming Pools, Inc., Jerry Hodak and Linda Hodak, husband and wife, on all of her claims, and that the Court further:

i. Enter judgment that Jedco Products, Inc. has infringed Plaintiff's '538 Patent;

ii. Enter judgment that Ultimate Swimming Pools, Inc. has infringed Plaintiff's '538 Patent;

8

iii. Enter judgment that Jerry Hodak and Linda Hodak have induced and/or contributed to infringement of the '538 Patent;

iv. Permanently enjoin Jedco Products, Inc., Ultimate Swimming Pools, Inc., their officers, directors, agents, servants, and employees, and all others in active concert or participation with any of the foregoing, including but not limited to Jerry and Linda Hodak, from infringing the '538 Patent, pursuant to 35 U.S.C. § 283;

v. Enter judgment finding Defendants liable to Plaintiff for their acts of infringement of the '538 patent and order them to pay up to three times all damages sustained by Joan Hodak, and all profits wrongfully gained by Defendants, to Joan Hodak, pursuant to 35 U.S.C. § 284;

vi. Award Plaintiff its costs and prejudgment interest on all damages pursuant to 35 U.S.C. § 284;

vii. Find this case to be exceptional under 35 U.S.C. § 285 and award Plaintiff treble damages and the expenses and costs incurred by Plaintiff, including reasonable attorneys' fees;

viii. Enter judgment finding Defendants liable to Plaintiff for their acts of trademark infringement and unfair competition and award Joan: (1) Defendants' profits, (2) all damages sustained by Plaintiff, (3) the costs of the action, (4) treble damages, and (5) further sum as the Court finds just according to the circumstances of this case, pursuant to 15 U.S.C. § 1117(a);

ix. Permanently enjoin Jedco Products, Inc., Ultimate Swimming Pools, Inc., their officers, directors, agents, servants, and employees, and all others in active concert or participation with any of the foregoing, including but not limited to Jerry and Linda Hodak, from using the AQUADOR name or any other name confusingly similar thereto, and otherwise unfairly competing with Joan Hodak, and from making false or misleading representations of fact, pursuant to 15 U.S.C. § 1116;

9

x. Find this case to be exceptional under 15 U.S.C. § 1117(a) and award Plaintiff reasonable attorneys' fees and costs;

xi. Award Plaintiff such further relief as the Court may deem appropriate.

Respectfully submitted,

JOAN HODAK T/D/B/A ACQUADOR

Dated: November 14, 2007  By: s/Leland P. Schermer
Leland P. Schermer, Esq.
Pa. I.D. #47283

LELAND SCHERMER & ASSOCIATES, P.C.
11 Stanwix Street, 7th Floor
Pittsburgh, PA  15222
(412) 642-5000 (phone)
(412) 642-5010 (facsimile)
lschermer@schermerlaw.com

Attorneys for Plaintiffs,
Joan Hodak t/d/b/a Aquador

JURY TRIAL DEMANDED