IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOAN HODAK, | : | |
| t/d/b/a AQUADOR, | : | Civil Action No. 2:07-cv-01554-DSC |
| | : | Electronic Filing |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | JURY TRIAL DEMANDED |
| JEDCO PRODUCTS, INC., | : | |
| ULTIMATE SWIMMING POOLS, INC., | : | |
| JERRY HODAK and | : | |
| LINDA HODAK, husband and wife,  and | : | |
| ENGINEERED PLASTICS, INC., | | |
| | : | |
| Defendants/Counterclaim Plaintiffs | : | |
| | : | |
| v. | : | |
| | : | |
| JOAN HODAK, t/d/b/a AQUADOR, | : | |
| and DAVID HODAK, | : | |
| | : | |
| Counterclaim Defendants | : | |

**ANSWER, AFFIRMATIVE DEFENSES
AND COUNTERCLAIMS OF DEFENDANTS JERRY HODAK, LINDA HODAK,
JEDCO PRODUCTS, INC., AND ULTIMATE SWIMMING POOLS, INC. TO
AMENDED COMPLAINT**

## ANSWER

Defendants, Jedco Products, Inc., Ultimate Swimming Pools, Inc., Jerry Hodak and Linda

Hodak (collectively "the Jedco Defendants"), by and through their undersigned counsel, hereby

file their Answer, Affirmative Defenses and Counterclaims to the Amended Complaint filed by

Plaintiff, Joan Hodak, t/d/b/a Aquador ("Plaintiff").

## INTRODUCTION

The Introduction paragraph in the Complaint is self-serving and no response is required.

To the extent a response is required, the allegations contained therein are denied.

## THE PARTIES

1.      Admitted that Joan Hodak is an individual who maintains a residence at East Cruikshank Road, Valencia, Pennsylvania 16059.  Admitted that Exhibit A to the Complaint is a document purporting to grant co-ownership of U.S. Patent No. 5,285,538 (the "'538 patent) and Trademark Registration No. 2,050,436 to Joan Hodak.  Also admitted that Exhibit B to the Complaint is a copy of the '538 patent and that Frank J. Hodak is identified as the sole inventor on the face of that patent.  The remaining allegations are denied.

2.      Admitted that Jedco Products, Inc. ("Jedco") is a Pennsylvania corporation having a principal place of business at 155 Zehner School Road, Zelienople, Pennsylvania 16063, which is also Jerry and Linda Hodak's home address.  The remaining allegations are denied.

3.      Admitted that Ultimate Swimming Pools, Inc. ("Ultimate") is a Pennsylvania corporation having a principal place of business at 155 Zehner School Road, Zelienople, Pennsylvania 16063, which is also Jerry and Linda Hodak's home address.  The remaining allegations are denied.

4.      Admitted.

5.      Admitted.

6.      Admitted.

7.      Admitted.

8.      Denied.  Jerry Hodak is the sole officer of Ultimate.

9.      Admitted.

2

## JURISDICTION AND VENUE

10.     Admitted that Plaintiff attempts to style this action as one for patent infringement under the Patent Laws of the United States and for trademark infringement and unfair competition under the Trademark Laws of the United States and the common law of Pennsylvania.

11.     Admitted.

12.     Admitted.

## COUNT I – PATENT INFRINGEMENT

13.     The Jedco Defendants repeat and reallege the responses to the allegations of Paragraphs 1-12 as if set forth in full.

14.     The Jedco Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14; therefore, they are denied.

15.     Denied.

16.     The Jedco Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16; therefore, they are denied.

17.     Admitted that Jerry and Linda Hodak are and have been aware of the '538 patent. The remaining allegations are denied.

18.     Admitted that Jedco and Engineered Plastics entered into an agreement whereby Engineered Plastics would manufacture Jedco's product.  The remaining allegations are denied.

19.     Admitted that Jedco sells a non-infringing product under the trademarks "SKIM SAVER", "LID'L SEAL" and "SKIM SAVER LID'L SEAL".  The remaining allegations are denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Admitted that Jedco and Engineered Plastics entered into an agreement whereby Engineered Plastics would manufacture Jedco's product. The remaining allegations are denied.

26. Denied.

27. Denied.

**COUNT II – TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1125(a)**

28. The Jedco Defendants repeat and reallege the responses to the allegations of Paragraphs 1-27 as if set forth in full.

29. The Jedco Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 29; therefore, they are denied.

30. The Jedco Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 30; therefore, they are denied.

31. Denied.

32. Admitted that Jerry Hodak offered for resale on eBay a single product manufactured by Aquador, which product was legally purchased from third parties. The remaining allegations are denied.

33. Denied.

34. Denied.

35. Denied.

4

## COUNT III – UNFAIR COMPETITION UNDER PENNSYLVANIA LAW

36.     The Jedco Defendants repeat and reallege the responses to the allegations of Paragraphs 1-35 as if set forth in full.

37.     Denied.

38.     Denied.

39.     Denied.

## AFFIRMATIVE DEFENSES

Further answering the Complaint, the Jedco Defendants assert the following affirmative defenses, without assuming the burden of proof when such a burden would otherwise be on Plaintiff.  Defendants expressly reserve the right to amend their Answer as additional information becomes available and/or is otherwise discovered.

## FIRST AFFIRMATIVE DEFENSE

1.     Plaintiff is barred from the relief it seeks in its patent infringement claims because the asserted patent claim(s) are invalid for failure to comply with the requirements of the Patent Laws of the United States.  The claim(s) of the '538 patent lack novelty under 35 U.S.C. § 102, are obvious to one skilled in the art under 35 U.S.C. § 103, and/or lack clarity, fail to satisfy the written description, and/or the enablement requirements under 35 U.S.C. 112, and are thus invalid and unenforceable.

## SECOND AFFIRMATIVE DEFENSE

2.     The '538 patent is invalid and unenforceable as the sole listed inventor Frank J. Hodak did not invent the subject matter described and claimed therein.  Jerry Hodak invented the subject matter of the '538 patent and communicated his invention to Frank J. Hodak, his father

5

who is now deceased, on or around June 1990.  Frank J. Hodak is listed as the sole inventor on

the face of the '538 patent.  The application which matured into the '538 patent was filed on April

14, 1992.

### THIRD AFFIRMATIVE DEFENSE

3.     To the extent that any claim(s) of the '538 patent are valid and enforceable,

Defendants do not infringe and have not infringed any such claim(s).

### FOURTH AFFIRMATIVE DEFENSE

4.     Plaintiff is not entitled to damages with respect to products made, used, offered

for sale and/or sold by Defendants within the United States that are alleged to infringe any

claim(s) of the '538 patent to the extent that Plaintiff has not complied with the marking

requirements of 35 U.S.C. § 287.

### FIFTH AFFIRMATIVE DEFENSE

5.     At least the patent infringement claims set forth in Plaintiff's Complaint are barred

by laches.

### SIXTH AFFIRMATIVE DEFENSE

6.     At least the patent infringement claims set forth in Plaintiff's Complaint are barred

by estoppel.

### SEVENTH AFFIRMATIVE DEFENSE

7.     To the extent that Defendants may be found to infringe one or more claims of the

'538 patent, Plaintiff is not entitled to permanent injunctive relief because: (1) it has not suffered

irreparable injury; (2) there are adequate remedies available at law to compensate for any injury;

(3) an equitable remedy is not warranted considering the balance of hardships between the Plaintiff and Defendants; and/or (4) the public interest would be disserved by a permanent injunction.

**EIGHTH AFFIRMATIVE DEFENSE**

8.      Defendant Jerry Hodak has legally and rightfully identified products being resold on eBay as those manufactured by Aquador.  Defendant Jerry Hodak is fully within his rights to offer such products for resale on eBay, and legally and rightfully identify those products as those manufactured by Aquador.  Thus, no trademark infringement or unfair competition exists.

**NINTH AFFIRMATIVE DEFENSE**

9.      In offering products for resale on eBay, the pictures of business locations being displayed are not Plaintiff's stores.  The pictures used do not display any Aquador product or name, and that location is not recognized as an Aquador location, but rather is a Pool King store located in Butler, Pennsylvania.  Thus, no trademark infringement or unfair competition exists.

**TENTH AFFIRMATIVE DEFENSE**

10.      The pictures utilized by Defendant Jerry Hodak to offer for resale a single Aquador product on eBay were authorized by David Hodak, Secretary of both Aquador, Inc. and of Pool King, Inc.  In return, David Hodak, on behalf of Pool King, Inc., was authorized by Jerry Hodak to use on Pool King's website pictures of in ground swimming pools constructed by Ultimate on his own website.  These pictures have been used for some time and are currently being used on the Pool King website (*see* Exhibit 1).  The two in ground swimming pools illustrated in Exhibit 1 were constructed by Ultimate and not by Pool King.  Thus, no trademark infringement or unfair competition exists.

## ELEVENTH AFFIRMATIVE DEFENSE

11.     At all times relevant hereto, Defendants Jerry and Linda Hodak acted as officers of Jedco and Ultimate, and their activities were limited to those on behalf of Jedco and Ultimate. All activities of Jerry and Linda Hodak relevant to this matter were reasonable and proper as officers of Jedco and Ultimate, and Jerry and Linda Hodak at no time relevant hereto acted in their individual capacities or outside of their capacities as officers of Jedco and Ultimate.

WHEREFORE, the Jedco Defendants deny that Plaintiff is entitled to any relief, as prayed for in the Complaint or otherwise, and, accordingly, respectfully prays for entry of the judgment dismissing the Complaint with prejudice, and awarding the Jedco Defendants their costs and attorneys' fees, and for other such and further relief as may be just and proper.

## COUNTERCLAIMS

Now come Counterclaim Plaintiffs, Jedco Products, Inc., Ultimate Swimming Pools, Inc., Jerry Hodak and Linda Hodak (collectively "Counterclaim Plaintiffs"), and for their Counterclaims state as follows:

## JURISDICTION AND VENUE

1.     This Court has subject matter jurisdiction over the counterclaims pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 et. seq., under 28 U.S.C. § 1338, under the Patent Laws of the United States , 35 U.S.C. § 1 et. seq., and under the Trademark Laws of the United States, 15 U.S.C. § 1051 et. seq.

2.     Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400.

## THE PARTIES

3.       Counterclaim Plaintiff Jedco Products, Inc. is a Pennsylvania corporation having a place of business at 155 Zehner School Road, Zelienople, Pennsylvania 16063 ("Counterclaim Plaintiff Jedco").

4.       Counterclaim Plaintiff Ultimate Swimming Pools, Inc. is a Pennsylvania corporation having a place of business at 155 Zehner School Road, Zelienople, Pennsylvania 16063 ("Counterclaim Plaintiff Ultimate").

5.       Counterclaim Plaintiff Jerry Hodak is an individual residing at 155 Zehner School Road, Zelienople, Pennsylvania 16063 ("Counterclaim Plaintiff Jerry").

6.       Counterclaim Plaintiff Linda Hodak is an individual residing at 155 Zehner School Road, Zelienople, Pennsylvania 16063 ("Counterclaim Plaintiff Linda").

7.       Counterclaim Plaintiffs Jedco, Ultimate, Jerry and Linda will collectively be referred to herein as "Counterclaim Plaintiffs").

8.       On information and belief, Counterclaim Defendant Joan Hodak is an individual who maintains a residence at 1475 East Cruikshank Road, Valencia, Pennsylvania 16059 ("Counterclaim Defendant Joan").

9.       On information and belief, Counterclaim Defendant Aquador is a sole proprietorship having a place of business at 1475 East Cruikshank Road, Valencia, Pennsylvania 16059 ("Counterclaim Defendant Aquador").

10.      On information and belief, Counterclaim Defendant David Hodak is an individual who maintains a residence at 117 Windmill Road, Butler, Pennsylvania 16002 ("Counterclaim Defendant David").

## ACTS GIVING RISE TO THE COUNTERCLAIMS

11.     On November 14, 2007, Counterclaim Defendant Joan commenced a civil lawsuit in this judicial district (Case No. 2:07-cv-01554-DSC) alleging that Counterclaim Plaintiffs are infringing upon the claims of the '538 patent and also committing trademark infringement and unfair competition in violation of 15 U.S.C. § 1125(a) and the common law of Pennsylvania.

12.     Counterclaim Defendant Joan, by such action, has created an actual and justifiable case and controversy between Counterclaim Defendant Joan and Counterclaim Plaintiffs concerning whether the '538 patent is valid and/or enforceable, as well as whether Counterclaim Plaintiffs are infringing upon any valid and/or enforceable claim(s) of the '538 patent.

13.     Counterclaim Plaintiffs have not and are not infringing any valid and/or enforceable claim of the '538 patent.

14.     Counterclaim Plaintiff Jerry Hodak is the inventor of the original snap-on lid for skimmers, which was issued U.S. Patent No. 4,913,810 (the "'810 patent").  Prior to the issuance of the '810 patent, Counterclaim Plaintiff Jerry invented the subject matter described and claimed in the '538 patent, namely, to provide a faceplate peripheral integral ridge which would be sealably operative with a flexible cover member.  On or around July 19, 1989, Counterclaim Plaintiff Jerry communicated his idea to his patent attorney, George C. Atwell, which was memorialized in Mr. Atwell's letter of July 26, 1989 (Exhibit 2).  At that time, it was decided to seek protection of Counterclaim Plaintiff Jerry's idea as a continuation-in-part application of the '810 patent.  However, no such application was ever filed.

15.     Following months of intense pressure applied by his father, Frank, J. Hodak, his mother Joan Hodak (the Plaintiff and a Counterclaim Defendant herein), on or around June 1, 1990, Counterclaim Plaintiff Jerry assigned the '810 patent to his now deceased father, Frank J. Hodak for use in the family business in which Counterclaim Plaintiff Jerry was to be a

meaningful participant.  The consideration for the assignment was One Dollar ($1.00), which was never paid.  Upon presenting his father with the assignment, Counterclaim Plaintiff Jerry also communicated his idea of providing a faceplate peripheral integral ridge which would be sealably operative with a flexible cover member to his father.  Unbeknownst to Counterclaim Plaintiff Jerry, Frank J. Hodak sought and was issued the '538 patent which described and claimed the subject matter of Counterclaim Plaintiff Jerry's invention.  Counterclaim Plaintiff Jerry was not named as an inventor of the '538 patent.  The application which matured into the '538 patent was filed on April 14, 1992.

16.     In or about 2003, Counterclaim Plaintiff Jerry conceived of another idea for a pool skimmer seal assembly.  Based on that idea, Counterclaim Plaintiff Jerry applied for and obtained U.S. Patent No. 7,011,747 (the "'747 patent").  In late 2005, Counterclaim Plaintiffs began to offer for sale a snap-on pool skimmer seal product based upon the design described and claimed in the '747 patent.  This snap-on pool skimmer seal product is currently sold under the trademarks "LID'L SEAL" and "SKIM SAVER LID'L SEAL".

17.     In or about 2006, Counterclaim Plaintiff Jerry conceived of an improvement to the '747 patent.  Based on that idea, Counterclaim Plaintiff Jerry applied for a U.S. patent on the improved snap-on skimmer guard product he had conceived.  In or around October-November 2006, Counterclaim Plaintiffs began to offer for sale a snap-on pool skimmer guard product based upon the design for which U.S. patent protection is currently being sought.  This snap-on pool skimmer guard product is currently sold under the trademarks "LID'L GUARD" and "SKIM SAVER LID'L GUARD".

18.     Counterclaim Plaintiffs purchased a booth at the Atlantic City Pool & Spa Trade Show, which was held in January 2006.  At that Trade Show, Counter Plaintiff Jedco's award

11

winning display was stolen.  (See Exhibit 3 attached hereto.)  In its place, a poster was hung by

Aquador as a warning to the industry informing about certain U.S. patents allegedly owned by

Counterclaim Defendant Aquador (U.S. Patent Nos.5,937,453 and 5,285,538) and warning the

industry not to infringe said patents.  A copy of this poster is attached hereto as Exhibit 4.  The

poster that was actually hung was approximately 2.5' x 3.0' in size.  Counterclaim Plaintiffs filed

a report, and Mike Hodak finally admitted after repeated questioning that he placed the warning

notice in Counterclaim Plaintiffs' booth (*see* Exhibit 5).  In placing the warning notice, Mike

Hodak was acting as an agent or representative of Counterclaim Defendant Aquador, or at the

direction of Counterclaim Defendants Joan Hodak and/or David Hodak, both of whom, upon

information and belief, also work for Aquador.

19.     On July 17, 2006, Counterclaim Defendant Aquador filed a lawsuit in the Court

of Common Pleas, Washington County against Counterclaim Plaintiffs Jedco and Jerry alleging

theft of trade secrets, tortious interference with business relations and contracts, unfair

competition and unjust enrichment.

20.     Soon thereafter, in August 2006, Counterclaim Defendant Aquador began falsely

communicating to customers of Counterclaim Plaintiff Jedco that Aquador had obtained an

injunction against Counterclaim Plaintiff Jedco and that the customers should not buy product

from Counterclaim Plaintiff Jedco.  On information and belief, these communications alleging

the false injunction were by phone and fax.

21.     In its communications to the industry, Counterclaim Defendant Aquador

attempted to deceive the industry into believing the trade secret complaint was a patent

infringement complaint and that Counterclaim Defendant Aquador had obtained an injunction

against Counterclaim Plaintiff Jedco.  Counterclaim Defendant Aquador even went as far as to

call certain customers and circulate all or a portion of the Washington County complaint in an attempt to deceive them of the above.

22.     Counterclaim Defendant Aquador's Washington County trade secret lawsuit was baseless and on May 23, 2007, after taking no discovery in the case, Counterclaim Defendant Aquador filed a Praecipe to Discontinue and the case was dismissed.

23.     On March 24, 2006, Intellectual Property Insurance Services Corporation, the patent insurance carrier for Counterclaim Defendant Aquador, wrote a letter to Counterclaim Plaintiff Jerry informing him of U.S. Patent No. 5,285,538 and requesting information as to how the skimmer seal product currently being sold by Counterclaim Plaintiffs did not fall within the scope of the claims of the '538 patent (Exhibit 6.)

24.     On April 7, 2006, Counterclaim Plaintiffs' attorney responded to the March 24th letter, requesting a claim chart identifying the alleged infringement accusations (Exhibit 7).

25.     Intellectual Property Insurance Services Corporation never responded to Counterclaim Plaintiffs' attorney's letter dated April 7, 2006.

26.     In February 2007, Counterclaim Plaintiffs became aware of a telephone campaign that had been undertaken by at least Counterclaim Defendant Aquador telling customers of Counterclaim Plaintiffs that Counterclaim Defendant Aquador had obtained an injunction against Counterclaim Plaintiff Jedco in which Counterclaim Plaintiff Jedco could not sell or ship product.  Counterclaim Defendant Aquador told these customers to return any SKIM SAVER LID'L SEAL products they had purchased from Counterclaim Plaintiff Jedco and that Counterclaim Defendant Aquador would fill these orders.

27.     On July 23, 2007, Counterclaim Defendant Joan distributed a letter to the industry alleging that Counterclaim Plaintiffs' SKIM SAVER LID'L SEAL product infringes the '538

patent (Exhibit 8).  On information and belief, that letter was distributed to over 600 companies via registered mail - return receipt.

28.    Counterclaim Plaintiffs design, manufacture and sell, among other things, pool skimmer seals and accessories under the trademarks "SKIM SAVER", "LID'L SEAL", "LID'L GUARD", "SKIM SAVER LID'L SEAL" and/or "SKIM SAVER LID'L GUARD". Counterclaim Plaintiffs have used the marks "SKIM SAVER",  "LID'L SEAL" and "SKIM SAVER LID'L SEAL" on its snap-on skimmer seal products continuously since at least as early as August 2005, and have used the marks "SKIM SAVER", "LID'L GUARD" and/ "SKIM SAVER LID'L GUARD" on its snap-on skimmer guard products continuously since at least as early as October-November 2006.  The marks have been used to indicate the source of the goods bearing those marks as those of Counterclaim Plaintiff Jedco and, on information and belief, have become well known to members of the trade and consumers who associate those trademarks with Counterclaim Plaintiff Jedco.  Counterclaim Plaintiff Jedco owns a most valuable goodwill which is symbolized by its aforesaid marks, and the use of said marks substantially increases the value of Counterclaim Plaintiff Jedco's business and the salability of its goods sold under the marks.

29.    On August 9, 2007, Counterclaim Defendant David registered the domain name "www.lidlseal.com" with Registrar Melbourne IT, LTD. d/b/a Internet Names Worldwide (*see* Exhibit 9).  "LID'L SEAL" is a trademark used by Counterclaim Plaintiffs on its patented skimmer seal product.  When the domain "www.lidlseal.com" is accessed, the web page takes the Internet user to an offering of a snap-on skimmer seal sold by Counterclaim Defendant Aquador (*see* Exhibit 10).  In fact, when the string "lidlseal" is input into the Google® search

engine, the very first hit identified is the web page for the snap-on skimmer sold by Counterclaim Defendant Aquador (see Exhibit 11).

30.     On August 11, 2007, Counterclaim Defendant David registered the domain name "www.lidlguard.com" with Registrar Melbourne IT, LTD. d/b/a Internet Names Worldwide (*see* Exhibit 12).  "LID'L GUARD" is a trademark used by Counterclaim Plaintiffs on its patent-pending skimmer seal accessory product.  When the domain "www.lidlguard.com" is accessed, the web page takes the Internet user to an offering of a snap-on skimmer seal sold by Counterclaim Defendant Aquador (*see* Exhibit 13).  On information and belief, Counterclaim Defendants do not sell a snap-on skimmer guard product.

31.     On information and belief, Counterclaim Defendants' conduct is a knowing, intentional and willful attempt to deceive and confuse the public and trade upon the trademarks and goodwill of Counterclaim Plaintiffs by directing consumers to an Aquador site when they input Counterclaim Plaintiffs' marks.

32.     The aforesaid acts of Counterclaim Defendants, unless enjoined by this Court, will continue to cause great and irreparable injury to Counterclaim Plaintiffs.

## COUNT I  - DECLARATORY JUDGMENT
## OF INVALIDITY OF U.S. PATENT NO. 5,285,538

33.     Counterclaim Plaintiffs incorporate by reference each and every allegation set forth in Paragraphs 1-32 of the Counterclaims.

34.     Upon information and belief, some or all of the claims of the '538 patent are invalid, unenforceable and void for at least the following reasons:

(a)     lacking Novelty under 35 U.S.C. § 102;

(b)     the invention of the '538 patent would have obvious to one skilled in the art at the time the invention was made under 35 U.S.C. § 103; and/or

(c)      the claims are vague and ambiguous and fail to satisfy the written description and the enablement requirements under 35 U.S.C. § 112, paragraphs 1 and 2, and thus are invalid under one or more of these statutes.

35.      Accordingly, Counterclaim Plaintiffs are entitled to a declaratory judgment that the '538 patent is invalid.

## COUNT II - DECLARATORY JUDGMENT
## OF UNENFORCEABILITY OF U.S. PATENT NO. 5,285,538

36.      Counterclaim Plaintiffs incorporate by reference each and every allegation set forth in Paragraphs 1-35 of the Counterclaims.

37.      The '538 patent is unenforceable because it was obtained through inequitable conduct and/or fraud committed on the U.S. Patent Office.  Specifically, the sole named inventor, Frank J. Hodak, did not invent the subject matter of the '538 patent.  The invention described and claimed in the '538 patent was invented by Counterclaim Plaintiff Jerry, who communicated his invention to his now deceased father, Frank J. Hodak on or around June 1990. Counterclaim Plaintiff Jerry is not listed as an inventor of the '538 patent and thus the '538 patent does not name the correct inventive entity.

38.      Accordingly, Counterclaim Plaintiffs are entitled to a declaratory judgment that the '538 patent is unenforceable.

## COUNT III  - DECLARATORY JUDGMENT OF PATENT NON-INFRINGEMENT

39.      Counterclaim Plaintiffs incorporate by reference each and every allegation set forth in Paragraphs 1-38 of the Counterclaims.

40.     None of the products that Counterclaim Plaintiffs have manufactured, used, sold or offered for sale, or are manufacturing, using, selling or offering for sale, infringe any of the claims of the '538 patent.

41.     Any claim of the '538 patent that may be held to be valid and enforceable is so restricted in scope that Counterclaim Plaintiffs have not and are not infringing such restricted claim(s).

42.     Accordingly, Counterclaim Plaintiffs are entitled to a declaratory judgment that the '538 patent is unenforceable.

43.     This matter is an exceptional case and, pursuant to 35 U.S.C. § 285, Counterclaim Plaintiffs are entitled to recover their reasonable attorneys fees expended in this action in responding at least to the baseless patent infringement counts.

WHEREFORE, Counterclaim Plaintiffs respectfully pray that this Court enter judgment in its favor with respect to Counterclaim Counts I, II and II and award the following relief against Counterclaim Defendants.

A.     Declare the Counterclaim Plaintiffs have not and are not infringing upon any of the claims of U.S. Patent No. 5,285,538;

B.     Declare that the claims of U.S. Patent No. 5,285,538 are invalid and/or unenforceable and of no force or effect;

C.     Permanently enjoin Counterclaim Defendants and their agents, servants, employees and any and all persons in active concert or participation with any of them, from asserting, stating, implying, or suggesting that Counterclaim Defendants and/or any of its respective officers, directors, agents, servants, employees, subsidiaries or customers infringe upon any of the claims of U.S. Patent No. 5,285,538;

D.      Award Counterclaim Plaintiffs the costs and reasonable attorney's fees incurred by them in connection with this action; and

E.      Award and grant Counterclaim Plaintiffs such other and further relief as this Court deems just and proper under the circumstances.

## COUNT IV - FEDERAL UNFAIR COMPETITION

44.      Counterclaim Plaintiffs incorporate by reference each and every allegation set forth in Paragraphs 1-43 of the Counterclaims.

45.      Upon information and belief, Counterclaim Defendants have made false and misleading statements to the pool supply industry, specifically stating that the SKIM SAVER LID'L SEAL product infringes the claims of the '538 patent.  These statements are false because the '538 patent is unenforceable and not infringed.

46.      Counterclaim Defendants have made phone calls and sent faxes and other communications to various individuals and companies in the pool supply industry using the Washington County case as a pretext to allege, falsely, that an injunction had been obtained against Counterclaim Plaintiffs.  These statements are false because, as the Counterclaim Defendants knew when they made the statements, no such injunction had been obtained.

47.      Upon information and belief, Counterclaim Defendants have also sent communications along those identified in Paragraphs 45-46 above to industry trade magazines for the sole purpose of disparaging Counterclaim Plaintiffs.

48.      The false statements made by Counterclaim Defendants actually deceive and/or have the tendency to deceive a substantial segment of the intended audience.

18

49.     The deception created from Counterclaim Defendants' false statements is material, in that it is likely to influence the purchasing decisions of those receiving the communications.

50.     Counterclaim Defendants have caused their false statements to enter interstate commerce.

51.     Counterclaim Plaintiffs have been or are likely to be injured by Counterclaim Defendants' false statements by direct diversion of sales from Counterclaim Plaintiffs to Counterclaim Defendants and by a lessening of goodwill associated with Counterclaim Plaintiffs and its products.

52.     Counterclaim Defendants have made these false statements in bad faith by, inter alia, representing to the marketplace that Counterclaim Plaintiffs infringe claims of the '538 patent which they know to be unenforceable and not infringed, and that an injunction had been obtained against Counterclaim Plaintiffs which Counterclaim Defendants know to be untrue.

## COUNT V – FEDERAL UNFAIR
## COMPETITION AND FALSE DESIGNATION OF ORIGIN

53.     Counterclaim Plaintiffs incorporate by reference each and every allegation set forth in Paragraphs 1-52 of the Counterclaims.

54.     Counterclaim Defendants' use of "LID'L SEAL" and "LID'L GUARD" and the domain names "www.lidlseal.com" and "www.lidlguard.com" registered by Counterclaim Defendant David are likely to cause mistake and confusion in that members of the public are likely to believe that Counterclaim Defendant Aquador's products originate from or are being sold under license from Counterclaim Plaintiffs, specifically Counterclaim Plaintiff Jedco. Accordingly, the sale and offer for sale by Counterclaim Defendants of skimmer products via the web pages "www.lidlseal.com" and "www.lidlguard.com" constitutes unfair competition and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

## COUNT VI – COMMON LAW AND UNFAIR
## COMPETITION OF FALSE DESIGNATION OF ORIGIN

55.     Counterclaim Plaintiffs incorporate by reference each and every allegation set forth in Paragraphs 1-54 of the Counterclaims.

56.     Counterclaim Defendants' use of "LID'L SEAL" and "LID'L GUARD" and the domain names "www.lidlseal.com" and "www.lidlguard.com" registered by Counterclaim Defendant David are likely to cause mistake and confusion in that members of the public are likely to believe that Counterclaim Defendant Aquador's products originate from or are being sold under license from Counterclaim Plaintiffs, specifically Counterclaim Plaintiff Jedco. Accordingly, the sale and offer for sale by Counterclaim Defendants of skimmer products via the web pages "www.lidlseal.com" and "www.lidlguard.com" constitutes unfair competition and

false designation of origin in violation of the Common Law of Unfair Competition of the Commonwealth of Pennsylvania.

## COUNT VII –FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. § 1125(d)

57.    Counterclaim Plaintiffs incorporate by reference each and every allegation set forth in Paragraphs 1-56 of the Counterclaims.

58.    Counterclaim Defendants' registration of "www.lidlseal.com" and "www.lidlguard.com" is identical or confusingly similar to the trademark used by Counterclaim Plaintiffs in the sale of their skimmer products, namely, "LID'L SEAL" and "LID'L GUARD". Counterclaim Defendants registration of the aforesaid domain names was registered in bad faith in an attempt to harm the business of Counterclaim Plaintiffs.

WHEREFORE, Counterclaim Plaintiffs prays that this Court enter judgment in ita favor with respect to Counterclaim Counts IV, V, VI, and VII and award the following relief:

A.    That Counterclaim Defendants be adjudged to have violated § 43(a) and (d) of the Lanham Act;

B.    That Counterclaim Defendants be adjudged to have violated the Common Law of Unfair Competition of the Commonwealth of Pennsylvania;

C.    That Counterclaim Defendants and their agents, servants, employees and any and all persons in active concert or participation with any of them, be permanently enjoined from asserting, stating, implying, or suggesting that Counterclaim Defendants and/or any of its respective officers, directors, agents, servants, employees, subsidiaries or customers infringe upon any of the claims of U.S. Patent No. 5,285,538;

D.      That Counterclaim Defendants be enjoined and restrained from the manufacture, sale and offer for sale of any pool related products under the trademarks "LID'L SEAL" and/or "LID'L GUARD" or any colorful variations thereof;

E.      That Counterclaim Defendants be required to deliver to Counterclaim Plaintiffs for destruction all products, labels and other packaging and advertising which bear the "LID'L SEAL" and "LID'L GUARD" trademarks;

F.      That Counterclaim Defendants be required to transfer ownership of the domain names "www.lidlseal.com" and "www.lidlguard.com" to Counterclaim Plaintiffs;

G.      That Counterclaim Defendants be required to pay to Counterclaim Plaintiffs their profits and Counterclaim Plaintiffs' damages for injuries sustained by Counterclaim Defendant as a result of the infringement of said trademarks, in an amount to be determined at trial, together with interest pursuant to 15 U.S.C. § 1117;

H.      That Counterclaim Plaintiffs may have a judgment for costs, including its reasonable attorneys fees; and

I.      That Counterclaim Plaintiffs may have such other further relief as the equities of the case may require and that the Court may see just.

A JURY TRIAL IS DEMANDED

Date:   April 6, 2010                           Respectfully submitted,

                                                s/Gregory P. Angell
                                                Gregory P. Angell, Esq.
                                                PaID 76634
                                                6607 Aylesboro Avenue
                                                Pittsburgh, PA 15217
                                                (412) 867-6944

                                                *Attorney for Defendants Jerry Hodak, Linda Hodak, Jedco Products, Inc., and Ultimate Swimming Pools, Inc.*

22

**CERTIFICATE OF SERVICE**

I hereby certify that on April 6, 2010, I electronically filed the foregoing ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS OF DEFENDANTS JERRY HODAK, LINDA HODAK, JEDCO PRODUCTS, INC., AND ULTIMATE SWIMMING POOLS, INC. TO AMENDED COMPLAINT with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Leland P. Schermer, Esquire
11 Stanwix Street, 7th Floor
Pittsburgh, PA 15222

Howard F. Messer, Esquire
100 Ross Street, Suite 101
Pittsburgh, PA 15219

A copy was sent via first-class U.S. Mail, postage prepaid, to the following:

Engineered Plastics, Inc.
P.O. Box 410
1040 Maple Avenue
Lake City, PA  16423

s/Gregory P. Angell

23